UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CIV 5402

-------------------------------------------------------------x

SANFORD F. YOUNG,

                       Plaintiff,

   v.

EXPERIAN INFORMATION SOLUTIONS, INC.;
EQUIFAX, INC.;
EQUIFAX INFORMATION SERVICES, LLC; and
TRANSUNION INTERACTIVE INC. d/b/a
TRANSUNION CREDIT BUREAU

                       Defendants.

-------------------------------------------------------------x

C.A. No:

**EXPERIAN INFORMATION
SOLUTIONS, INC.'S
NOTICE OF REMOVAL**

      Experian Information Solutions, Inc. ("Experian") files the within Notice of Removal

pursuant to 28 U.S.C. §1446(a) and respectfully represents that:

      1.     On or about May 15, 2008, a civil action was commenced in the Supreme Court

of New York, New York County, entitled *Sanford F. Young v. Experian Information Solutions,*

*Inc., et al.*, Index No.: 106631/08 (the "State Court Action"). Experian received the Summons

and Complaint on or about May 16, 2008. A copy of the Summons and Complaint is attached

hereto as *Exhibit A*. There have been no further proceedings in the State Court Action.

      2.     All Defendants consent to this removal. *See Exhibit B*, Joinder and Consent to

Removal of Defendants Equifax, Inc., and Equifax Information Services LLC; and *Exhibit C*,

Joinder and Consent to Removal of Defendant Trans Union LLC, improperly pled as TransUnion

Interactive Inc., d/b/a TransUnion Credit Bureau

      3.     Removal is timely because 30 days have not elapsed since service of the

Summons and Complaint upon any defendant in this action. *See Exhibits B* and *C*.

      4.     The above described action is a civil action of which this Court has original

jurisdiction under the provisions of 28 U.S.C. §1441, in that the Complaint alleges defendants

are "consumer reporting agenc[ies]" as defined by the "FRCA" [*sic*].    Complaint ¶¶10-13.

Defendants are "consumer reporting agencies as defined by the Fair Credit Reporting Act, 15

U.S.C. §1681 *et seq.* (the "FCRA"), and to the extent this Complaint alleges violations of this

statute, pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331, this Court has original jurisdiction

over FCRA claims without regard to the amount in controversy.

     5.    In the alternative, jurisdiction is proper in this Court under Diversity of

Citizenship, 28 U.S.C. §1332.    Experian is an Ohio Corporation with its principal place of

business in California.    Plaintiff is a citizen of the State of New York.    Complaint ¶5.    The states

of incorporation and principal places of business of co-defendants are diverse.    *See Exhibits B*

*and C.*    The matter in controversy in Plaintiff's Complaint exceeds $75,000, exclusive of interest

and costs.[1]    Complaint, *ad damnum* clause.

     **WHEREFORE**, petitioner prays that the above action now pending against it in the

Supreme Court of New York, New York County, be removed therefrom to this Court.

                 Respectfully submitted,

                 JONES DAY

                 By: _____
                    Tuukka D. Hess (TH-3259)
                    222 East 41st Street
                    New York, New York  10017-6702
                    (212) 326-3939

                 *Counsel for Defendant Experian*
                 *Information Solutions, Inc.*

DATED:     July 13, 2008

---

[1]     Although Defendants strenuously deny Plaintiff's claims and that Plaintiff is entitled to any relief, it is the allegations in Plaintiff's Complaint that determines whether the amount in controversy exceeds $75,000. Plaintiff demands compensatory damages in the amount of $1,000,000 and punitive damages in the amount of $2,500,000. *See* Complaint, *ad damnum* clause.

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------

**SANFORD F. YOUNG,**

                      Plaintiff,

      -against-

**EXPERIAN INFORMATION SOLUTIONS, INC.;
EQUIFAX, INC.; EQUIFAX INFORMATION
SERVICES LLC; and TRANSUNION AMERICAN,
INC.,**

                      Defendants.

------------------------------------------------------------------------

Index No.

Plaintiff designates
NEW YORK COUNTY as the
place of trial

Plaintiff's principal place of
business is at 225 Broadway
New York, New York. 10007

## SUMMONS

The basis for the choice of
venue is Plaintiff's principal place
of business.

To the above-named Defendants:

       **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to
serve a copy of your answer on the Plaintiff's Attorneys within 20 days after the service
of this summons, exclusive of the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the Complaint.

Dated: New York, New York
       May 13, 2008

                      **SANFORD F. YOUNG**
                      Plaintiff pro se
                      c/o LAW OFFICES OF SANFORD F. YOUNG, P.C.

                      By:_____
                              Sanford F. Young
                      225 Broadway - Suite 2008
                      New York, New York 10007
                      (212) 227-9755

Defendants' Addresses:
Experian Information Solutions, Inc., P.O. Box 9595, Allen, Texas 75013-9595

Equifax, Inc. and; Equifax Information Services LLC, P.O. Box 740256,
Atlanta GA 30374-0256

Transunion American, Inc., P.O. Box 2000,Chester PA 19022-2000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

**SANFORD F. YOUNG,**

                                    Plaintiff,

          -against-

**EXPERIAN INFORMATION SOLUTIONS, INC.;
EQUIFAX, INC.; EQUIFAX INFORMATION
SERVICES LLC; and TRANSUNION AMERICAN, INC.,**

                                    Defendants.

Index No. ___106631-08___

**VERIFIED COMPLAINT**

---

Plaintiff **SANFORD F. YOUNG**, *pro se*, alleges as his Verified Complaint against

Defendants the following:

### INTRODUCTION TO COMPLAINT AND JURISDICTION

1. This is an action brought by Plaintiff, who is an individual and consumer, under,

*inter alia*, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ["FRCA"], state law and

common law, to recover for damages resulting from Defendants' violation of the FRCA and

their defamation and libel of Plaintiff's reputation, credit rating and credit worthiness

stemming from Defendants' negligent, unreasonable, reckless, knowing and willful

publication and dissemination of untrue credit and legal information.

2. Despite Plaintiff's diligent and documented attempts to inform Defendants of their

erroneous reports and requests for corrective action, Defendants have expressly refused

to correct their records and abate from the publication and dissemination of the false and

defamatory information.

3. Defendants' actions have caused actual harm to Plaintiff.

4. This Court has concurrent jurisdiction to hear this case under 15 U.S.C. § 1681p.

## THE PARTIES

5. Plaintiff **SANFORD F. YOUNG** is an individual with his principal place of business at 225 Broadway, New York, New York 10007.

6. Upon information and belief, Defendant **EXPERIAN INFORMATION SOLUTIONS, INC.** is at present and has been at all times relevant in this action a corporation organized and existing under the laws of Ohio and registered with the New York State Department of State, Division of Corporations as a corporation licensed to do business in the State of New York.

7. Upon information and belief, Defendant **EQUIFAX, INC.** is at present and has been at all times relevant in this action a corporation organized and existing under the laws of Georgia and registered with the New York State Department of State, Division of Corporations as a corporation licensed to do business in the State of New York.

8. Upon information and belief, Defendant **EQUIFAX INFORMATION SERVICES LLC** is at present and has been at all times relevant in this action a corporation organized and existing under the laws of Georgia and registered with the New York State Department of State, Division of Corporations as a corporation licensed to do business in the State of New York.

9. Upon information and belief, Defendant **TRANSUNION AMERICAN, INC.** is at present and has been at all times relevant in this action a business corporation organized and existing under the laws of the State of New York.

2

10. EXPERIAN INFORMATION SOLUTIONS, INC. is a "consumer reporting agency" within the meaning of the FRCA.

11. EQUIFAX, INC. is a "consumer reporting agency" within the meaning of the FRCA.

12. EQUIFAX INFORMATION SERVICES LLC is a "consumer reporting agency" within the meaning of the FRCA.

13. TRANSUNION AMERICAN, INC. is a "consumer reporting agency" within the meaning of the FRCA.

## AS AND FOR A FIRST CAUSE OF ACTION

14. Plaintiff repeats and realleges each and every of the foregoing allegations as if fully and completely repeated herein.

15. In 2006, Plaintiff filed an Article 78 proceeding against the City of New York Department of Finance ["NYC-DOF"] in the Supreme Court of the State of New York for the County of New York to challenge a final determination arising from the issuance of a parking summons issued by the New York City Parking Violations Bureau.

16. The aforesaid Article 78 proceeding was entitled *Sanford F. Young vs. City of New York Department of Finance Parking Violations Adjudications*, New York County Index No. 111675/2006.

17. By an Order and Judgment dated June 13, 2007 and entered in the Office of the Clerk of New York County on or about June 28, 2007, Justice Emily Jane Goodman found in Plaintiff's favor (Plaintiff was called the "Petitioner" in said proceeding) and vacated the Parking Violations Bureau and administrative appellate board decisions, and granted judgment in Plaintiff's favor.

3

18. Plaintiff's success in winning his suit against the City and its Parking Violations Bureau was highly publicized due to its public and precedent making interest, including appearing as the featured news item on many local television and radio programs, as well as the print media.

19. As part of the aforesaid Order and Judgment, a monetary judgment was entered in Plaintiff's favor against the NYC-DOF **awarding Plaintiff the sum of $695.24** as damages, interest, costs and disbursements.

20. The NYC-DOF did not appeal or challenge the Order and Judgment in Plaintiff's favor, thereby rendering said Order and Judgment final.

21. In accordance with said Order and Judgment, the NYC-DOF paid Plaintiff the sum of $695.24 by check dated September 17, 2007.

22. On March 28, 2008, Plaintiff purchased and obtained a copy of his credit reports issued by each of the Defendants (both Equifax defendants are herein treated as one and the same; subject to clarification of the responsible entities).

23. In those reports, Plaintiff discovered that Defendants had reported inaccurate and derogatory information regarding Plaintiff.

24. Among the inaccurate information, Defendants reported the aforesaid June 2007 Judgment as if it was a judgment by the City of New York Department of Finance against Plaintiff.

25. Upon discovering the foregoing, Plaintiff promptly notified each Defendant that their reports contained erroneous information, including the fact that they were incorrectly and falsely reporting the June 2007 Judgment as a judgment against Plaintiff.

4

26. So as to assure Defendants of the incorrectness of their reports, and to conclusively and quickly demonstrate that the June 2007 Judgment was in favor of Plaintiff, and not against him, Plaintiff sent Defendants copies of the Order and Judgment, as well as a copy of the NYC-DOF check that was paid to Plaintiff in satisfaction of the judgment.

27. Despite the foregoing, and without making any effort to contact or otherwise seek further information from Plaintiff, Defendants willfully, maliciously and summarily refused to correct their credit reports of Plaintiff.

28. Indeed, much to Plaintiff's shock and horror, Defendants continue to report the aforesaid judgment as if it is against Plaintiff.

29. In the meanwhile, Plaintiff's credit rating, and the credit scores that are disseminate based upon the credit reports, which have previously been high, have dropped precipitously.

30. As a result of the foregoing, Plaintiff's creditors have informed Plaintiff that due to the adverse credit information consisting of derogatory public information and purported adverse change in financial circumstances, said creditors were lowering Plaintiff's credit line.

31. The only derogatory public information on Plaintiff's credit reports is the incorrectly reported June 2007 Judgment.

32. In reality, Plaintiff has not experienced any adverse change in his financial circumstances, other than the incorrectly reported June 2007 Judgment.

33. For example, by letter dated April 28, 2008, Wells Fargo informed Plaintiff that it was lowering the available amount under his home equity account.

34. Other examples include the loss or reduction of available credit lines on Plaintiff's personal and business credit cards.

35. Prior to Defendants' unconscionable actions, Plaintiff enjoyed an excellent credit rating, whereby Plaintiff has consistently been approved for credit lines and cards in the amounts requested, has been able to obtain beneficial rates, and has been able to rely upon the availability of credit for his personal and business uses.

36. However, Defendants' action have tarnished Plaintiff's reputation and ability to obtain the credit lines and cards as described above.

37. As a result of the foregoing, Plaintiff had suddenly found his credit availability diminished and lost, causing Plaintiff great embarrassment and distress.

38. For example, just a few days before Plaintiff's late winter vacation to Mexico, Plaintiff learned that due to the sudden imposition of credit limits, he was nearly, if not already, maxed-out.

39. As a result, Plaintiff's vacation was impeded by the limited availability of credit, and Plaintiff incurred great stress due to the fact and fear of being away with limited credit to pay for excursions, incidentals, gifts and, worst of all, any emergencies that may arise, including but not limited to the impending birth of his first grandchild.

40. Likewise, Plaintiff learned of the credit diminutions when his employee attempted to make a routine card payment of one of Plaintiff's principal professional vendors (Thompson West), which card payment was declined.

41. As a result of Defendants' wrongful actions, Plaintiff suffered further declines in his perceived credit worthiness.

42. In addition, Plaintiff suffered the embarrassment of his employee learning that his credit was no-good.

43. In an effort to diminish the impact of the foregoing loss and diminution of credit, Plaintiff has had to liquidate a substantial portion of his managed nest egg-accounts at Merrill Lynch and JP Morgan Chase, and additionally, inform his stock-broker, and borrow funds from his family and business associate, causing Plaintiff stress, humiliation and a strong sense of vulnerability.

44. Plaintiff has become distressed and upset by the inability to amicably and easily rectify this situation, and by the realization of how vulnerable he and his financial, personal and business life is as a hostage to the ineptitude and callousness of Defendants' actions.

45. Plaintiff's frustration and feeling of distress was exacerbated by the fact that he has been unable to find any non-legal avenue for correcting Defendants' actions.

46. For example, Plaintiff has scoured Defendants' credit reports, scant correspondence and their websites in an effort to find an alternative and faster means of rectifying the situation.

47. However, Defendants' credit reports, scant correspondence and websites offer no feasible means for rectification.

48. Indeed, Defendants' credit reports, scant correspondence and websites appear to purposely disguise or camouflage all reasonable methods of communications, or to identify the full name and location of Defendants' corporate entities, divisions or otherwise.

49. Rather, Defendants' methodology appears to purposely create barriers that make it virtually impossible and unfeasible to rectify their mistakes other than through the last-resort of litigation.

7

50. As of the writing of this Complaint, Plaintiff has suddenly found himself in fear that his credit providers, and particularly, Wells Fargo, who owns the first and second (equity line) purchase mortgages on Plaintiff's home will decide to call-in and demand payment of all or part of the equity line and/or mortgage due to the purported adverse change in financial circumstances arising from Defendants' actions, and thereby, threaten Plaintiff's ability to maintain and keep his home.

51. In addition, although interest rates have declined, and it would be advantageous for Plaintiff to refinance his home, due to the adverse consequences of Defendants' errors, Plaintiff does not dare apply for refinancing as it would certainly be declined and cause further adverse consequences to his credit rating.

52. Indeed, at the moment, due to Defendants' actions and adamant refusal to correct their errors, including one as simple and obvious as that pertaining to the aforesaid judgment, Plaintiff sits, worries and waits for the *other shoe to drop* as a result of Defendants' actions.

53. By reason of the foregoing, Plaintiff has been damaged in the sum in excess of $1,000,000.

## AS AND FOR A SECOND CAUSE OF ACTION

54. Plaintiff repeats and realleges each and every of the foregoing allegations as if fully and completely repeated herein.

55. By reason of the foregoing, Defendants have defamed and libelled Plaintiff.

56. By reason of the foregoing, Plaintiff has been damaged in the sum in excess of $1,000,000.

## AS AND FOR A THIRD CAUSE OF ACTION

57. Plaintiff repeats and realleges each and every of the foregoing allegations as if fully and completely repeated herein.

58. By reason of the foregoing, Defendants have violated the State Fair Credit Reporting Act.

59. By reason of the foregoing, Plaintiff has been damaged in the sum in excess of $1,000,000.

## AS AND FOR A FOURTH CAUSE OF ACTION

60. Plaintiff repeats and realleges each and every of the foregoing allegations as if fully and completely repeated herein.

61. By reason of the foregoing, Defendants have engaged in a deceptive trade practice for which Plaintiff is entitled to damages and statutory damages and attorneys fees.

## AS AND FOR A FIFTH CAUSE OF ACTION

62. Plaintiff repeats and realleges each and every of the foregoing allegations as if fully and completely repeated herein.

63. Plaintiff is being irreparably harmed by Defendants' unjustified and blatantly wrongful and harmful actions.

64. There is no reason or justification for Defendants to continue reporting their blatantly wrong and derogatory information on Plaintiff.

65. By reason thereof, Plaintiff requests that an immediate Temporary Restraining Order, as well as a Preliminary and Permanent Injunction be issued enjoining Defendants from reporting the June 2007 Order and Judgment as anything other than an Order and

Judgment in Plaintiff's favor; that Defendants be directed to immediately contact all persons and companies who have accessed Plaintiff's credit report since June 2007 and inform them of Defendants' misstatements; and that Defendants recalculate or reformulate Plaintiffs' credit scores and immediately inform all persons and companies who have accessed Plaintiff's credit report since June 2007 of the corrected score and the reason why it was corrected.

66. Plaintiff has no adequate remedy at law.

67. No prior application for this relief has been made.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally:

a.    For compensatory damages in excess of $1,000,000; statutory penalties; and punitive damages of $2,500,000.

b.    On the Fifth Cause of Action, for an immediate Temporary Restraining Order, as well as a Preliminary and Permanent Injunction.

c.    For Plaintiff's legal fees, time, costs and disbursements.

d.    For such other and further relief as the Court may deem just and proper.

> Yours, etc.,
> **SANFORD F. YOUNG**
> Plaintiff *pro se*
> c/o **LAW OFFICES OF SANFORD F. YOUNG, P.C.**
>
> By:_____
>           Sanford. F. Young
> 225 Broadway – Suite 2008
> New York, New York 10007
> (212) 227-9755



Wells Fargo Servicing Center
MAC P6103-05M
P.O. Box 50400
Billings, MT 59105-9957

April 28, 2008

Sanford Young
78 Ketch Road
Morristown, NJ 7960

Re:     Your Wells Fargo Home Equity Account
        xxx-xxx5046-1998

Dear Sanford Young :

**Wells Fargo has recently reviewed your Home Equity Account.** According to your Home Equity Line of Credit Agreement (the Agreement"), if Wells Fargo reasonably believes that you will not be able to meet your repayment requirements due to a material change in your financial circumstances, Wells Fargo may lower the credit limit on your Line.

**Based on this review, we are lowering the credit limit of your Home Equity Line of Credit to $317,023.00** *delinquent past or present credit obligations with others.*

**This reduction of your credit limit is effective immediately.** If you believe the reason stated above no longer exists or is in error, you may request reinstatement of your original credit limit. To make a reinstatement request, please call Wells Fargo at **1-866-508-7059**, or write to us at:

> Wells Fargo Bank, N.A.
> MAC N9777-112B
> P.O Box 5169
> Sioux Falls, SD 57117-5169

**Wells Fargo's decision was based in whole or in part on information obtained in a report** from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The consumer reporting agency played no part in Wells Fargo's decision and is unable to supply specific reasons why Wells Fargo has denied credit to you. You may also have the right to obtain a free copy of your credit file from the consumer reporting agency, if you request the copy of your credit file no later than sixty (60) days after you receive this notice. In addition, if you find that any information contained in your credit file is inaccurate or incomplete, you may have the right to dispute the matter with the consumer reporting agency below.

> Experian
> P.O. Box 2002
> Allen, Texas  75013-0036
> 1-888-EXPERIAN (397-3742)

**Wells Fargo is committed to helping our customers with their financial needs.** If you have questions or want to give us additional information, we invite you to call us to discuss your home equity account. If your needs are changing, we may be able to offer flexible solutions — and we will do everything we can to help find the best solution for your individual financial situation. Please feel free to call us at **1-866-508-7059** toll-free, Monday - Friday, 8:00AM - 7:00PM, CT.

Sincerely,

Customer Management
Wells Fargo Bank, N.A.

©2008 Wells Fargo Bank, N.A. All rights reserved. Member FDIC. Equal Housing Lender. HE 00000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:    PART 17
- - - - - - - - - - - - - - - - - - - - -X

SANFORD F. YOUNG,

                              Index No. 111675/06

                    Petitioner,

         vs.

CITY OF NEW YORK DEPARTMENT OF FINANCE
PARKING VIOLATIONS ADJUDICATIONS

                    Respondents.

For a Judgment Under Article 78 of The
Civil Practice Law and Rules to Vacate the
Final Adjudication and Administrative
Appeal against Petitioner.

- - - - - - - - - - - - - - - - - - -X

**EMILY JANE GOODMAN, J.:**

    This is the unusual case of a parking violation summons
reaching the Supreme Court.

    Petitioner Sanford F. Young brings this Article 78
proceeding to annul the determination of respondent New York
Department of Finance ("DOF") Parking Violations Bureau ("PVB")
Appeals Board dated May 22, 2006, which upheld a finding of guilt
for parking during restricted hours.

    On November 29, 2005, a Notice of Parking Violation (the
"summons") was issued to petitioner's vehicle as it sat parked
across from 1330 First Avenue in Manhattan.  The summons charged
petitioner with violating the weekday prohibition against parking

in that area between the hours 4 and 7 p.m. The summons noted the time of the offense as 6:59 p.m.

On December 9, 2005, petitioner entered a plea of not guilty through respondent's website and requested an online hearing. In the field provided to explain the asserted defense, petitioner made the following statement:

> "A New York Minute" The ticket, which says I was parked at 6:59 PM in a "No Parking... 4P-7P" area is absurd and wrong! Knowing full well -- as a life long New Yorker and lawyer -- that it is not legal to park on the Avenues until 7:00PM, and that some officers write tickets in the last few, I did not park my car until a couple of mins past 7:00. I am certain it was past 7:00 because I was watching my car clock -- which is in the instrument panel. I also know that the clock I accurate because I synchronize it with my cell phone which time is set by Verizon and my watch. Therefore, I respectfully ask that the summons be dismissed. Thank you.

By letter dated December 21, 2005, DOF's Adjudication Bureau acknowledged receipt of petitioner's request for a hearing and offered to settle for a fine reduced from $65 to $43. Petitioner did not accept the offer. On March 10, 2006, Administrative Law Judge John F. MacKay, Jr. issued a Decision and Order finding petitioner guilty. The ALJ stated, in pertinent part:

> The respondent has been charged with violating Traffic Rule 4-08(d) which prohibits parking a vehicle in a violation of the restriction posted on signs, markings or traffic control devices. Respondent is not persuasive that he did not park until after the restriction ended.

Petitioner appealed the Decision and Order by letter dated March 28, 2006. Petitioner argued, *inter alia*, that the respondent failed to establish the charge by substantial credible evidence or to overcome the burden which arose from his denial of the allegations of the summons. On May 22, 2006, the Appeals Board upheld the ALJ's decision, finding that there was "no error of fact or law." This Article 78 proceeding followed.

The petition is granted and the summons is dismissed. Pursuant to Vehicle and Traffic Law ("VTL") § 240(b) and 19 Rules of the City of New York ("RCNY") § 39-08(e), "[n]o charge may be established except upon proof by substantial evidence." Although under VTL § 238(1) and 19 RCNY §39-08(f)(4) the summons acts as prima facie evidence of the facts contained therein (*see*, Wheels, Inc. v PVB, 185 AD 110, 112-13 [1st Dept 1992]), it does not create a presumption of guilt but merely shifts the burden of proof to the alleged violator (*see*, Gruen v PVB, 58 AD2d 48, 49 [1st Dept 1977]; Matter of Heisler v Atlas, 69 Misc 2d 911 [Sup Ct NY Co 1972]). If the petitioner submits testimony refuting the charges that is "not patently incredible," then the summons must be dismissed absent the submission of additional evidence by the respondent to meet its ultimate burden (*see*, Gruen, supra, Heisler, supra).

In this case, petitioner's online statement disputing the allegation of parking during prohibited hours overcame the prima

3

facie case established by the summons.  Petitioner's testimony regarding how he checked the time before parking was sufficiently detailed and cannot be characterized as "patently not credible." At a minimum, it created a question of fact which shifted the burden to respondent.  Insofar as respondent failed to counter petitioner's showing, the ALJ and the Appeals Board erred in upholding the summons.

Respondent attempts to distinguish Gruen and Heisler by asserting that the petitioners in those cases submitted "sworn detailed testimony."  As noted above, the issue is whether petitioner's account was "not credible."  There is nothing about his statement that he parked "a couple min[utes] past 7:00" (as opposed to 60 seconds earlier, i.e., 6:59) that defies belief. Respondent's speculative challenge to the accuracy of the car clock merely raises an additional question of fact, a question that respondent did not raise on the record below.

Finally, respondent's suggestion that the sworn summons must prevail over petitioner's unsworn online statement is without merit.  First, no objection was raised in the proceedings below. The ALJ did not reject petitioner's statement as unsworn but merely found, incorrectly, that it was not sufficiently "persuasive" to shift the burden of proof.  Second, respondent affirmatively invited written testimony to be submitted through its website.  All such statements are of necessity unsworn, and

4

under the standard respondent proposes the sworn summons would always prevail. Under this standard, compliance with respondent's online procedures would be rendered an exercise in futility, a result which would constitute a gross violation of the driving public's due process rights and would be an illusory alternative to a paper or in-person response.

The Court need not comment on the policy and/or practice of issuing a summons seconds before the permissible time, even if that had been what occurred.

Accordingly, it is

ORDERED and ADJUDGED, that the petition is granted to the extent that the decisions dated March 10, 2006 and May 22, 2006 are vacated, and the summons is dismissed; it is further

ORDERED and ADJUDGED, that Petitioner, having an address at 225 Broadway, Suite 2008 New York New York 10007, do recover from respondent the amount of $65.00 (the fine paid by Petitioner), plus interest from the date of this decision, on the sum of .24 plus costs and disbursements as taxed by the Clerk of the Court in the sum of $630.0 totaling $695.24.

**This Constitutes the Decision, Order and Judgment of the Court.**

Dated: June 13, 2007

Petitioner:
Sanford F. Young
78 Ketch Rd
Morristown, NJ 07960

Respondent:
City of New York Department
of Finance Parking Violations
Adjudications.
c/o John etc

ENTER:

_____
J.S.C.

**EMILY JANE GOODMAN**

FILE

JUN 28 200

COUNTY CLERK'S
NEW YORK

5

COUNTY OF NEW YORK

SANFORD F. YOUNG,

Petitioner,

Index No. 111675/2006

-against-

**CITY OF NEW YORK DEPARTMENT OF FINANCE PARKING VIOLATIONS ADJUDICATIONS,**

## Costs of Petitioner

**COSTS**

| | |
|---|---|
| Costs before note of issue. CPLR §8201 subd. 1 | $200 00 |
| Costs after note of issue. CPLR §8201 subd. 2 | |
| Trial of issue. CPLR §8201 subd. 3 | |
| Allowance by statute. CPLR §8302(b) | |
| Additional allowance. CPLR §8302(d) | |
| Motion costs. CPLR §8202 | 100 00 |
| Appeal to App. Div. or App. Term before argument CPLR §8203 subd. 1 | |
| Appeal to App. Div. or App. Term for argument CPLR §8203 subd. 2 | |
| Appeal to Court of Appeals before argument CPLR §8204 subd. 1 | |
| Appeal to Court of Appeals for argument CPLR §8204 subd. 2 | |

**DISBURSEMENTS**

| | |
|---|---|
| Fee for index number CPLR §8018(a) | $210 00 |
| Referee's fees CPLR §8301(a)1 | |
| Commissioner's compensation CPLR §8301(a)2 | |
| Clerk's fee, filing notice of pend. or attach. CPLR §8018(c) §8021(a) | |
| Clerk's fee cancel. notice of pend. CPLR §8021(a)12 | |
| Entering and docketing judgment CPLR §8301(a)7 §8016(a)2 | |
| Paid for searches CPLR §8301(a)10 | |
| Affidavits & acknowledgments CPLR §8009 | |
| Serving copy summons & complaint CPLR §8011(c)1 §8301(d) | 40 00 |
| Note of issue CPLR §8020(a) | |
| Paid referee's report CPLR §8301(a)12 | |
| Certified copies of papers CPLR §8301(a)4 | |
| Satisfaction piece CPLR §5020(a) §8021 | |
| Transcripts and filing CPLR §8021 | |
| Certified copy of judgment CPLR §8021 | |
| Postage CPLR §8301(a)12 | |
| Jury fee CPLR §8020(c)1 | |
| Stenographers' fees CPLR §8002 §8301 | |
| Sheriff's fees on execution CPLR §8011(b) §8012 | 40 00 |
| Sheriff's fees, attachment, arrest, etc. CPLR §8011(c)2, 3(g) | |
| Paid printing cases CPLR §8301(a)6 | |
| Paid printing case CPLR §8301(a)6 | |
| Clerk's fees Court of Appeals CPLR §8301(a)12 | |
| Paid copies of papers CPLR §8016(a)4 | |
| Motion expenses CPLR §8301(b) | |
| Fees for publication CPLR §8301(a)3 | |
| Serving subpoena CPLR §8011(c)1 §8301(a) | |
| Paid for Register's Search CPLR §8301(a)10 | |
| " County Clerk's Search | |
| " Loan Commissioner's Search | |
| " U.S. District Court Search | |
| " U.S. Circuit Court Search | |
| " Tax Search | |
| " Referee's Report | |
| Attendance of Witnesses: CPLR §8001(a)(b)(c) §8301(a)1 | |

*RJI* 95 00
*Motion Fee* 45 00

I HEREBY CERTIFY THAT I HAVE ADJUSTED THIS BILL OF COSTS AT 630.00
JUN 28 2007
CLERK

| | |
|---|---|
| Costs | 200 00 / 300 00 |
| Disbursements | 430 00 / 430 00 |
| Total | 630 00 / 720 00 |

**FILED**

JUN 28 2007

42A

SANFORD F. YOUNG,

       Petitioner,                Index No. 111675/2006

   -against-

CITY OF NEW YORK DEPARTMENT OF FINANCE
PARKING VIOLATIONS ADJUDICATIONS,

       Respondents.
**For a Judgment Under Article 78 of**
**The Civil Practice Law and Rules to**
**Vacate the Final Adjudication and Administrative**
**Appeal against Petitioner**
-----------------------------------------------------------------------X

# **JUDGMENT**

1 - 1

FILED AND
DOCKETED

JUN 2 8 2007

AT     12:11 P M
N.Y., CO. CLK'S OFFICE

DOCKETED BY

(1)

LAW OFFICES OF
**SANFORD F. YOUNG, P.C.**
225 BROADWAY, SUITE 2008
NEW YORK, NEW YORK 10007
(212) 227-9755



FedEx

TRK# 0215 8655 4341 5320

FRI - 16 MAY  A2
EXPRESS SAVER

SA TWHA

92626
CA-US
SNA

1881767   13MAY08 19:15

0215

### Express Package Service

FedEx Priority Overnight          FedEx Standard Overnight          FedEx First Overnight

FedEx 2Day                        FedEx Express Saver

### Express Freight Service

FedEx 1Day Freight                FedEx 2Day Freight                FedEx 3Day Freight

### Packaging

FedEx Envelope          FedEx Pak          FedEx Box          FedEx Tube          Other

### Special Handling

SATURDAY Delivery       HOLD Weekday       HOLD Saturday

Does this shipment contain dangerous goods?

No          Yes          Yes          Dry Ice          Cargo Aircraft Only

### Payment   Bill to:

Sender          Recipient          Third Party          Credit Card          Cash/Check

Total Packages          Total Weight

### Residential Delivery Signature Options

No Signature Required          Direct Signature          Indirect Signature

519



fedex.com 1.800.GoFedEx 1.800.463.3339

FedEx Express US Airbill

Tracking Number 8655 4341 5320

8655 4341 5320

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

SANFORD F. YOUNG,                                  C.A. No:

                              Plaintiff,

        v.                                         **EQUIFAX INFORMATION**
                                                   **SERVICES LLC'S**
EXPERIAN INFORMATION SOLUTIONS, INC.;              **JOINDER AND CONSENT**
*et al.*                                           **TO REMOVAL**

                              Defendants.

-------------------------------------------------------------x

        Without waiving any other defenses, Defendant Equifax Information Services LLC and Equifax, Inc. ("Equifax") hereby join in and consent to the removal of this action from the Supreme Court of New York, New York County, to this Court.  Removal is proper for the reasons stated in Co-Defendant Experian Information Solutions, Inc.'s ("Experian") Notice of Removal.

        Equifax received the Summons and Complaint on May 20, 2008.  A true and correct copy of the Summons and Complaint is attached to Experian's Notice of Removal as *Exhibit A*.

        Equifax is a Georgia Limited Liability Company with its principal place of business in Georgia.

        WHEREFORE, Defendant Equifax respectfully requests the action filed in the Supreme Court of New York, New York County, be removed therefrom to this Court.

                              Respectfully submitted,

                              KING & SPALDING

                              _____
                              Richard T. Marooney (RM 0276)
                              King & Spalding LLP
                              1185 Avenue of the Americas
                              New York, NY 10036-4003
                              (212) 556-2242
                              RMarooney@KSLAW.com

                              Counsel for Defendant Equifax
                              Information Services LLC

DATED:        June 9, 2008

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SANFORD F. YOUNG,

                                    Plaintiff,

          v.

EXPERIAN INFORMATION SOLUTIONS, INC.;
et al.

                                    Defendants.

------------------------------------------------------------x

C.A. No:

**TRANS UNION LLC'S
JOINDER AND CONSENT
TO REMOVAL**

          Without waiving any other defenses, Defendant Trans Union LLC ("Trans Union"),

improperly pleaded as Transunion Interactive Inc. d/b/a Transunion Credit Bureau, hereby joins

in and consents to the removal of this action from the Supreme Court of New York, New York

County, to this Court.   Removal is proper for the reasons stated in Co-Defendant Experian

Information Solutions, Inc.'s ("Experian") Notice of Removal.

          Trans Union received the Summons and Complaint on May 19, 2008.  A true and correct

copy of the Summons and Complaint is attached to Experian's Notice of Removal as *Exhibit A*.

          Trans Union is a Delaware Limited Liability Company with its principal place of

business in Illinois.

          WHEREFORE, Defendant Trans Union respectfully requests the action filed in the

Supreme Court of New York, New York County, be removed therefrom to this Court.

                              Respectfully submitted,

                              KOGAN, TRICHON & WERTHEIMER, P.C.

                              _____
                              TIMOTHY P. CREECH (TC-7732)
                              1818 Market St., 30th Floor
                              Philadelphia, PA 19103
                              (215) 575-7618; Fax: (215) 575-7688
                              Email: tcreech@mstkw.com
                              *Counsel for Defendant, Trans Union LLC*

DATED:        May 30, 2008