UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANFORD F. YOUNG,<br><br>　　　　　　Plaintiff,<br><br>-against-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES LLC; and TRANSUNION AMERICAN, INC.,<br><br>　　　　　　Defendants. | Civil Action No.: 08 CV 5402 (LTS)<br><br>ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT |

EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), by its undersigned attorneys, Jones Day, answers the Complaint filed by Plaintiff Sanford F. Young (hereinafter "Plaintiff") as follows:

All allegations, declarations, claims or assertions of Plaintiff's Complaint that are not specifically admitted are denied.

## INTRODUCTION

1.　　In response to Paragraph 1 of the Complaint, Experian admits that Plaintiff is a natural person, and admits that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c). Experian further admits that Plaintiff purports to bring a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and New York state law. Experian denies that it possesses any liability whatsoever to Plaintiff, or that Plaintiff is entitled to damages or relief of any kind from or against Experian.

2.　　Paragraph 2 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations

1

of Paragraph 2 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

3.     Paragraph 3 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 3 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

4.     Paragraph 4 of the Complaint is a legal conclusion which is not subject to denial or admission.

## PARTIES

5.     In response to Paragraph 5 of the Complaint, Experian admits that Plaintiff is a natural person. Experian further states that it is informed and believes that Plaintiff is a lawyer with a principal place of business located at 225 Broadway, New York, New York 10007.

6.     In response to Paragraph 6 of the Complaint, Experian states that it is incorporated in the State of Ohio, with its principle place of business in Costa Mesa, California. Experian admits that it is qualified to do business within the State of New York.

7.     All allegations contained Paragraph 7 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

8.     All allegations contained Paragraph 8 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

9.     All allegations contained Paragraph 9 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

10.    In response to Paragraph 10 of the Complaint, Experian admits that it is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f).

11. All allegations contained Paragraph 11 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

12. All allegations contained Paragraph 12 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

13. All allegations contained Paragraph 13 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

## FIRST CAUSE OF ACTION

14. In response to Paragraph 14 of the Complaint, Experian restates and incorporates its responses to each paragraph above, as if fully set forth herein.

15. All allegations contained Paragraph 15 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

16. All allegations contained Paragraph 16 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

17. All allegations contained Paragraph 17 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

18. All allegations contained Paragraph 18 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

19. All allegations contained Paragraph 19 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

20. All allegations contained Paragraph 20 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

21. All allegations contained Paragraph 21 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

22. Paragraph 22 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 22 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

23. Paragraph 23 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 22 of the Complaint relating to Experian, Experian restates and incorporates its response to Paragraph 22 of the Complaint, as if fully set forth herein.

24. Paragraph 24 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 24 of the Complaint relating to Experian, Experian restates and incorporates its response to Paragraph 22 of the Complaint, as if fully set forth herein.

25. Paragraph 25 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 25 of the Complaint relating to Experian, admits that Plaintiff contacted Experian on April 19, 2008 and requested several reinvestigations, including one of the judgment referred to in Paragraph 17 of the Complaint. Experian states that it conducted said reinvestigation; and further respectfully refers the Court to the Judgment Docket of the Supreme Court of the State of New York for the County of New York with regard to the case referred to, an inquiry copy of which is attached as Exhibit A.

26. Paragraph 26 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 26 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

27. Paragraph 27 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 27 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

28. Paragraph 28 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 28 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation. Experian further states that as of or about May 31, 2008, Plaintiff's credit history no longer reflected the referenced judgment as against Plaintiff.

29. All allegations contained Paragraph 29 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

30. All allegations contained Paragraph 30 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

31. All allegations contained Paragraph 31 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required. To the extent that a response is necessary, Experian denies that the Plaintiff's only derogatory credit history is the referenced judgment.

32. All allegations contained Paragraph 32 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

33. All allegations contained Paragraph 33 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

34. All allegations contained Paragraph 34 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

35. Paragraph 35 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 35 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

36. Paragraph 36 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 36 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

37. Paragraph 37 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 37 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

38. All allegations contained Paragraph 38 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

39. All allegations contained Paragraph 39 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

40. All allegations contained Paragraph 40 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

41. Paragraph 41 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 41 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

42. All allegations contained Paragraph 42 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

43. All allegations contained Paragraph 43 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

44. All allegations contained Paragraph 44 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

45. Paragraph 45 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 45 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation. In response to the allegation that "he has been unable to find any non-legal avenue," Experian notes that, upon information and belief, Plaintiff is a seasoned and respected lawyer who could have expeditiously resolved his dispute with the judgment docket clerk, but has instead chosen to commence the instant litigation.

46. Paragraph 46 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 46 of the Complaint relating to Experian, Experian denies knowledge or information sufficient to form a basis as to their truth, and on that basis denies, generally and specifically, each and every such allegation.

47. Paragraph 47 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 47 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

48. Paragraph 48 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 48 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

49. Paragraph 49 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 49 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

50. Paragraph 50 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 50 of the Complaint relating to Experian, Experian denies knowledge or information sufficient to form a basis as to their truth, and on that basis denies, generally and specifically, each and every such allegation.

51. Paragraph 51 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 51 of the Complaint relating to Experian, Experian denies knowledge or information sufficient to form a basis as to their truth, and on that basis denies, generally and specifically, each and every such allegation.

52. Paragraph 52 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 52 of the Complaint relating to Experian, Experian denies knowledge or information sufficient to form a basis as to their truth, and on that basis denies, generally and specifically, each and every such allegation.

53. Paragraph 53 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 53 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation, and denies that it possesses any liability whatsoever to Plaintiff, or that Plaintiff is entitled to damages or relief of any kind from or against Experian.

## SECOND CAUSE OF ACTION

54. In response to Paragraph 54 of the Complaint, Experian restates and incorporates its responses to each paragraph above, as if fully set forth herein.

55. Paragraph 55 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 55 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

56. Paragraph 56 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 56 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation, and denies that it possesses any liability whatsoever to Plaintiff, or that Plaintiff is entitled to damages or relief of any kind from or against Experian.

## THIRD CAUSE OF ACTION

57. In response to Paragraph 57 of the Complaint, Experian restates and incorporates its responses to each paragraph above, as if fully set forth herein.

58. Paragraph 58 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 58 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

59. Paragraph 59 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 59 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation, and denies that it possesses any liability whatsoever to Plaintiff, or that Plaintiff is entitled to damages or relief of any kind from or against Experian.

## FOURTH CAUSE OF ACTION

60. In response to Paragraph 60 of the Complaint, Experian restates and incorporates its responses to each paragraph above, as if fully set forth herein.

61. Paragraph 61 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 58 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation; and denies that it possesses any liability whatsoever to Plaintiff, or that Plaintiff is entitled to damages or relief of any kind from or against Experian.

## FIFTH CAUSE OF ACTION

62. In response to Paragraph 62 of the Complaint, Experian restates and incorporates its responses to each paragraph above, as if fully set forth herein.

63. Paragraph 63 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 63 of the Complaint relating to Experian, Experian denies, generally and specifically, each and every such allegation.

64. Paragraph 64 of the Complaint contains allegations which relate solely to persons other than Experian, and do not require a response by Experian. With respect to the allegations of Paragraph 64 of the Complaint relating to Experian, Experian restates and incorporates its response to Paragraph 28, as if fully set forth herein.

65. Paragraph 65 of the Complaint contains a request for relief. To the extent that a response is necessary, Experian denies that it possesses any liability whatsoever to Plaintiff, or that Plaintiff is entitled to damages or relief of any kind from or against Experian.

66. Experian denies, generally and specifically, each and every allegation in Paragraph 66 of the Complaint.

67. All allegations contained Paragraph 67 of the Complaint relate solely to persons other than Experian, and therefore no response by Experian is required.

## PRAYER FOR RELIEF

68. Experian denies that Plaintiff is entitled to any of the relief set forth in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Some claims for relief in the Complaint are preempted by federal law, including but not limited to preemption by the Fair Credit Reporting Act, 15 U.S.C. §1681t.

### FOURTH AFFIRMATIVE DEFENSE

Some claims for relief in the Complaint are subject to the limitations on liability established by 15 U.S.C. § 1681h(e).

### FIFTH AFFIRMATIVE DEFENSE

Experian's actions are subject to a qualified privilege.

### SIXTH AFFIRMATIVE DEFENSE

Some claims for relief in the Complaint are barred by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief in Paragraph 6 of the Complaint are not available under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred by the Fifth and Fourteenth Amendments of the United States Constitution prohibiting procedural and substantive due process violations, equal protection violations, and to the extent that such sanctions are attempted to be imposed without a clear and convincing burden of proof.

## NINTH AFFIRMATIVE DEFENSE
## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

 (1) That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

 (2) For costs of suit and attorneys' fees herein incurred; and

 (3) For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   June 20, 2008

          Respectfully Submitted,

       By: /s/: Tuukka D. Hess

         Tuukka D. Hess (TH 3259)
         JONES DAY
         222 East 41st Street
         New York, New York  10017
         (212) 326-3939

         *Attorneys for Defendant*
         *Experian Information Solutions, Inc.*

# EXHIBIT A

```
                                                              DATE: 06/20/2008
     USER: NEWYORK    COUNTY CLERKS OFFICE - NEW YORK         TIME: 11:25:06
     TERM: PE91       JUDGMENT DOCKET & LIEN BOOK SEARCH SUMMARY
                      INQUIRY SELECTION: _

 EL     DEBTOR NAME              CREDITOR NAME      BK/DOCK DATE   CONTROL NO.
          ADDRESS                ATTORNEY NAME         AMOUNT       SATISFY

 1 YOUNG              SANFORD F  CITY OF NEW YORK DEPA JDB 06/28/2007 002287627 01
      78    KETCH ROAD           SANFORD F YOUNG PC          $695.24
                                              INDEX NUMBER: 111675/06




 PRESS:PF1 - HELP, PF2   RETURN  PF7 - SCR UP, PF8 - SCR DOWN  ENTER - SELECT
```

```
USER:   NEWYORK  COUNTY CLERKS OFFICE   NEW YORK          DATE: 06/20/2008
TERM:   PE91         JUDGMENT DOCKET BOOK INQUIRY         TIME: 11:25:11
             CONTROL NUMBER : 002287627 - 01

        *** DOCKETING DATA ***         *** SOURCE DOCUMENT ***
DOCKETING DATE: 06/28/2007              TYPE: J    JUDGMENTS
         TIME: 12:11:00                 COUNTY: 31   NEW YORK
EFFECTIVE DATE: 06/28/2007              COURT: S    SUPREME COURT
         TIME: 12:11:00             TOTAL DEBTORS: 01    UPDATED: N
CLERK/SEQ #   :   RPERKINS  010      INDEX NUMBER: 111675/06
                    *** DEBTOR/CORPORATION ***
  NAME   FORMAT I  :  YOUNG,SANFORD F
  ADDRESS    NUMBER: 78        STREET: KETCH ROAD
             CITY  : MORRISTOWN NJ        ZIP CODE:  07960
    OCCUPATION          :
                    *** CREDITOR ***
  NAME   FORMAT C  :  CITY OF NEW YORK DEPARTMENMT OF FINANCE
  ADDRESS    NUMBER: 66        STREET: JOHN STREET
             CITY  : NEW YORK NY          ZIP CODE:  10038

            AMOUNT:        $695.24
  INTERIM DISPOSITION:
ENTER CONTROL NUMBER FOR NEXT INQUIRY
PRESS: PF1- HELP, PF2- CANCEL INQUIRY PF8- 2ND PAGE DATA, ENTER- INQUIRE RECORD
```

```
USER:  NEWYORK    COUNTY CLERKS OFFICE -  NEW YORK      DATE: 06/20/2008
TERM:  PE91       JUDGMENT DOCKET AND LIEN BOOK SYSTEM  TIME: 11:25:15
                         REMARKS INQUIRY               LAST PAGE: 0001
                                                   CONTROL NUMBER: 002287627 - 01
BOOK TYPE: 01
                                    REMARKS
DATE
06282007  DEBTOR: CITY OF NEW YORK DEPARTMENT OF FINANCE PARKING VIOLATIONS
06282007  ADJUDICATIONS
```

PRESS: PF1- HELP, PF2- RETURN, PF7- SCR UP, PF8- SCR DOWN, CLEAR- RESHOW

```
                    JUDGMENT DOCKET INQUIRY CONTINUED
              CONTROL NUMBER : 002287627 - 01
                       *** CREDITOR ATTORNEY ***
   NAME    FORMAT C    : SANFORD F YOUNG PC
   ADDRESS  NUMBER: 225       STREET: BROADWAY SUITE 2008
            CITY  : NEW YORK NY           ZIP CODE:  10007
              *** SATISFACTION DATA ***

              TYPE:                      SHERIFF'S EXECUTION:
              DATE:      /    /          OPERATOR ID:


           REMARKS: Y    (Y OR N)




ENTER CONTROL NUMBER FOR NEXT INQUIRY
PRESS: PF2- CANCEL INQUIRE PF7- RETURN TO THE FIRST PAGE, ENTER- INQUIRE RECORD
```

## CERTIFICATE OF SERVICE

Tuukka D. Hess, a lawyer admitted to the bar of this Court, certifies under penalty of perjury that, on June 20, 2008, he caused a true and correct copy of the attached ANSWER AND AFFIRMATIVE DEFENSES OF EXPERIAN INFORMATION SOLUTIONS, INC. to be served by electronic filing on all other parties.

Dated: New York, New York
      June 20, 2008

                                                      /s/: Tuukka D. Hess
                                              Tuukka D. Hess, Esq. (TH 3259)